ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAMMIE LEE BROWN, | ) | |
| | ) | |
| Plaintifff, | ) | |
| | ) | |
| v. | ) | CV 105-029 |
| | ) | |
| SUSAN SALEMI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The above-captioned case was commenced pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. For reasons explained more fully below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $150.00 filing fee.

6.

## I. BACKGROUND

Upon review of Plaintiff's complaint, the Court finds the following. Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, alleges that he was wrongfully arrested in July 2003 on child molestation charges. According to Plaintiff, Defendants violated a panoply of constitutional rights both before and during his trial in order to secure his arrest, conviction, and sentence. As relief, Plaintiff requests his immediate release, the expungement of his criminal record, and $120,000,000.00 for his humiliation, pain, and suffering. Although Plaintiff does not say so, prior to his conviction, Plaintiff brought a strikingly similar complaint. See Brown v. Salemi, CV 103-166, doc. no. 1, (S.D. Ga. Oct. 17, 2003)(hereinafter "CV 103-166"). That case was dismissed for failure to state a claim. CV 103-166, doc. no. 7, *adopted by* doc. no 10. The instant case is due to be dismissed for the same reasons.

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the allegations raised against the defendants do not state a claim upon which relief can be granted. The Supreme Court has held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a state

2

prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. See Heck, 512 U.S. at 483; see also Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Here, Plaintiff complains that Defendants' actions against Plaintiff led to Plaintiff's "false imprisonment" and unlawful conviction and sentence. According to Plaintiff, these alleged unlawful actions should be grounds for overturning his conviction. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations of an improper criminal investigation, arrest, or conviction are not actionable in this § 1983 suit. Cf. Rankin v. Evans, 133 F.3d 1425, 1428 (11th Cir. 1998) (§ 1983 claim against arresting officer in child molestation case proceeded after grand jury found plaintiff "completely innocent" of charges).

Furthermore, 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has unequivocally held that this provision applies to constitutional claims. Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (*en banc*); cf. Napier v. Preslicka,

3

314 F.3d 528, 532-33 & n.2 (11th Cir. 2002), *reh'g en banc denied*, 331 F.3d 1189 (11th Cir. 2003) (finding that § 1997e(e) bars § 1983 claim for emotional injuries alleged to have resulted from mistaken arrest but refusing to discuss viability of forfeited claim for mistaken pretrial detention). Thus, even if Plaintiff had a viable constitutional claim, which he does not, he has not alleged any physical injury from the "pain and suffering" that may have been caused by any alleged irregularities with the procedures followed prior to, during, or after his arrest. Accordingly, Plaintiff's allegations fail to state a claim upon which relief can be granted. If Plaintiff wishes to challenge his conviction, he must file a habeas corpus action pursuant to 28 U.S.C. § 2254, after exhausting all of his state remedies.

### III. CONCLUSION

In sum, as Plaintiff has failed to state a claim upon which relief can be granted, the Court **REPORTS** and **RECOMMENDS** that the complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of April, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4

# United States District Court
## *Southern District of Georgia*

BROWN )

vs ) CASE NUMBER CV105-029

SALEMI ) DIVISION AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 4/25/05 , which is part of the official record of this case.

Date of Mailing: 4/25/05

Date of Certificate ☒ same date, or _____

Scott L. Poff, Clerk

By: /s/ Joe Howell
Joe Howell, Deputy Clerk

<u>Name and Address</u>

SAMMIE LEE BROWN, #456727, TELFAIR S.P., P.O. BOX 549, HELENA, GA 31037

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate